COOLEY GODWARD KRONISH LLP
JOHN W. CRITTENDEN (101634) (jcrittenden@cooley.com)
ANDREW HARTMAN (*pro hac vice pending*) (ahartman@cooley.com)
ALEX C. SEARS (232491) (asears@cooley.com)
101 California Street
5th Floor
San Francisco, CA  94111-5800
Telephone:   (415) 693-2000
Facsimile:   (415) 693-2222

Attorneys for Defendant
eBAGS, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VALLAVISTA CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation; TARGET CORPORATION, a Minnesota corporation; EBAGS, INC., a Colorado corporation; EMPORIUM LEATHER COMPANY, INC., a New Jersey corporation, doing business as ROYCE LEATHER; and FASHION HANDBAGS, INC., a Nevada corporation, doing business as BO BO BAGS,<br><br>Defendant. | Case No.  C07-05360 PVT<br><br>**ANSWER OF DEFENDANT EBAGS, INC.; REQUEST FOR JURY TRIAL** |

Defendant eBags, Inc. (hereinafter referred to as "eBags"), through the undersigned counsel, hereby responds to the Complaint of Plaintiff Vallavista Corporation in the above-captioned action as follows:

## I.   PARTIES

1.   eBags lacks information or belief sufficient to admit or deny the allegations in Paragraph 1 of the Complaint, and on that basis denies them.

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1064220 v2/SF

1.

ANSWER OF DEFENDANT EBAGS, INC.
C07-05360 PVT

2. eBags lacks information or belief sufficient to admit or deny the allegations in Paragraph 2 of the Complaint, and on that basis denies them.

3. eBags lacks information or belief sufficient to admit or deny the allegations in Paragraph 3 of the Complaint, and on that basis denies them.

4. eBags denies that it is organized under the laws of the State of Colorado. eBags admits the remaining allegations of Paragraph 4 of the Complaint.

5. eBags lacks information or belief sufficient to admit or deny the allegations in Paragraph 5 of the Complaint, and on that basis denies them.

6. eBags lacks information or belief sufficient to admit or deny the allegations in Paragraph 6 of the Complaint, and on that basis denies them.

## II.    JURISDICTION

7. Paragraph 7 of the Complaint consists of legal conclusions to which no answer is required, but to the extent an answer is required, eBags denies the allegations in Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint consists of legal conclusions to which no answer is required, but to the extent an answer is required, eBags denies the allegations in Paragraph 8 of the Complaint.

## III.    INTRADISTRICT ASSIGNMENT

9. eBags denies that a substantial part of the alleged events giving rise to this action occurred in Contra Costa County, California. The remainder of Paragraph 9 of the Complaint consists of legal conclusions to which no answer is required, but to the extent an answer is required, eBags denies the allegations in Paragraph 9 of the Complaint.

## IV.    ALLEGATIONS COMMON TO ALL COUNTS

10. eBags denies committing unlawful activities and using the name and mark TAXI WALLET®. The remainder of Paragraph 10 of the Complaint consists of legal conclusions to which no answer is required, but to the extent an answer is required, eBags denies the allegations in Paragraph 10 of the Complaint.

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1064220 v2/SF

2.

ANSWER OF DEFENDANT EBAGS, INC.
C07-05360 PVT

11.  eBags admits that Trademark Registration No. 2,008,495 was issued on October 15, 1996 for a mark consisting of a design plus the words, letters, and/or numbers "TAXI WALLET." eBags further admits that the goods claimed under Registration No. 2,008,495 consist of "wallets, coin wallets, billfolds, credit card wallets, coin purses, change purses, coin pocket billfolds, [and] business card wallets." eBags lacks information or belief sufficient to admit or deny the remaining allegations in Paragraph 11 of the Complaint, and on that basis denies them.

12.  eBags admits that Trademark Registration No. 2,008,495 is uncancelled. The remainder of Paragraph 12 of the Complaint consists of legal conclusions to which no answer is required, but to the extent an answer is required, and except as expressly admitted herein, eBags denies the allegations in Paragraph 12 of the Complaint.

13.  eBags denies the allegations in Paragraph 13 of the Complaint.

14.  eBags lacks information or belief sufficient to admit or deny the factual allegations in Paragraph 16 of the Complaint, and on that basis denies them. The remainder of Paragraph 16 of the Complaint consists of legal conclusions to which no answer is required, but to the extent an answer is required, eBags denies the allegations in Paragraph 16 of the Complaint. In addition, the definition of "Marks" results in ambiguity since Reg. No. 2,008,495 is a stylized logotype registration which differs from the word mark TAXI WALLET.

15.  eBags denies the allegations in Paragraph 15 of the Complaint.

16.  eBags denies the allegations in Paragraph 16 of the Complaint..

17.  eBags lacks information or belief sufficient to admit or deny the allegations in Paragraph 17 of the Complaint, and on that basis denies them.

18.  eBags lacks information or belief sufficient to admit or deny the allegations in Paragraph 18 of the Complaint, and on that basis denies them.

19.  eBags lacks information or belief sufficient to admit or deny the allegations in Paragraph 19 of the Complaint, and on that basis denies them.

20.  eBags lacks information or belief sufficient to admit or deny the factual allegations in Paragraph 20 of the Complaint, and on that basis denies them. The remainder of Paragraph 20

of the Complaint consists of legal conclusions to which no answer is required, but to the extent an answer is required, eBags denies the allegations in Paragraph 20 of the Complaint.

21.  eBags lacks information or belief sufficient to admit or deny the allegations in Paragraph 21 of the Complaint, and on that basis denies them.

22.  eBags denies that it has sought to compete unfairly with Plaintiff.  eBags lacks information or belief sufficient to admit or deny the remaining factual allegations in Paragraph 22 of the Complaint, and on that basis denies them.  The remainder of Paragraph 22 of the Complaint consists of legal conclusions to which no answer is required, but to the extent an answer is required, eBags denies the allegations in Paragraph 22 of the Complaint.

23.  eBags denies that it has misappropriated the marks of Plaintiff.  eBags lacks information or belief sufficient to admit or deny the remaining factual allegations in Paragraph 23 of the Complaint, and on that basis denies them.  The remainder of Paragraph 23 of the Complaint consists of legal conclusions to which no answer is required, but to the extent an answer is required, eBags denies the allegations in Paragraph 23 of the Complaint.

## V.    CLAIMS FOR RELIEF

**COUNT ONE: TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114**

<u>As to All Defendants:</u>

24.  eBags incorporates by reference its responses to Paragraphs 1 through 23 as set forth above.

25.  This paragraph is unanswerable as it is indefinite.  eBags denies using designations identical or substantially similar to the stylized design mark TAXI WALLET® for the sale, offer for sale, advertisement, or promotion of wallets.

26.  eBags denies the allegations in Paragraph 26 of the Complaint.

27.  eBags denies the allegations in Paragraph 27 of the Complaint.

28.  eBags denies the allegations in Paragraph 28 of the Complaint.

<u>As to Defendant Bo Bo Bags:</u>

29.  The allegations of this paragraph are not directed at eBags and require no response by eBags.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1064220 v2/SF                4.                ANSWER OF DEFENDANT eBAGS, INC.
                                                C07-05360 PVT

30. The allegations of this paragraph are not directed at eBags and require no response by eBags.

31. The allegations of this paragraph are not directed at eBags and require no response by eBags.

32. The allegations of this paragraph are not directed at eBags and require no response by eBags.

33. The allegations of this paragraph are not directed at eBags and require no response by eBags.

**As to Defendant Royce:**

34. The allegations of this paragraph are not directed at eBags and require no response by eBags.

35. The allegations of this paragraph are not directed at eBags and require no response by eBags.

36. The allegations of this paragraph are not directed at eBags and require no response by eBags.

37. The allegations of this paragraph are not directed at eBags and require no response by eBags.

38. The allegations of this paragraph are not directed at eBags and require no response by eBags.

39. The allegations of this paragraph are not directed at eBags and require no response by eBags.

40. The allegations of this paragraph are not directed at eBags and require no response by eBags.

**As to Defendant Target:**

41. The allegations of this paragraph are not directed at eBags and require no response by eBags.

42. The allegations of this paragraph are not directed at eBags and require no response by eBags.

43. The allegations of this paragraph are not directed at eBags and require no response by eBags.

44. The allegations of this paragraph are not directed at eBags and require no response by eBags.

45. The allegations of this paragraph are not directed at eBags and require no response by eBags.

46. The allegations of this paragraph are not directed at eBags and require no response by eBags.

47. The allegations of this paragraph are not directed at eBags and require no response by eBags.

48. The allegations of this paragraph are not directed at eBags and require no response by eBags.

**As to Defendant Amazon:**

49. The allegations of this paragraph are not directed at eBags and require no response by eBags.

50. The allegations of this paragraph are not directed at eBags and require no response by eBags.

51. The allegations of this paragraph are not directed at eBags and require no response by eBags.

52. The allegations of this paragraph are not directed at eBags and require no response by eBags.

53. The allegations of this paragraph are not directed at eBags and require no response by eBags.

54. The allegations of this paragraph are not directed at eBags and require no response by eBags.

**As to Defendant eBags:**

55. eBags admits the allegations of Paragraph 55 of the Complaint.

56. This paragraph is unanswerable as it is indefinite and contains undefined and ambiguous terms. eBags lacks information or belief sufficient to admit or deny the allegations in Paragraph 56 of the Complaint, and on that basis denies them.

57. This paragraph is unanswerable as it is indefinite and contains undefined and ambiguous terms. eBags lacks information or belief sufficient to admit or deny the allegations in Paragraph 57 of the Complaint, and on that basis denies them.

58. eBags admits that is sells products that are delivered by Bo Bo Bags. eBags denies the remaining allegations of Paragraph 58 of the Complaint.

59. eBags lacks information or belief sufficient to admit or deny whether Plaintiff authorized any of eBags' acts described herein, denies that any authorization by Plaintiff is required, and denies the remaining allegations of Paragraph 59 of the Complaint.

60. eBags denies the allegations in Paragraph 60 of the Complaint.

**COUNT TWO: UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(A)**
**(AS TO ALL DEFENDANTS)**

61. eBags incorporates by reference its responses to Paragraphs 1 through 60 as set forth above.

62. eBags denies the allegations in Paragraph 62 of the Complaint.

63. eBags denies the allegations in Paragraph 63 of the Complaint.

64. eBags denies the allegations in Paragraph 64 of the Complaint.

**COUNT THREE: TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(C)**
**(AS TO ALL DEFENDANTS)**

65. eBags incorporates by reference its responses to Paragraphs 1 through 64 as set forth above.

66. eBags denies the allegations in Paragraph 66 of the Complaint.

67. eBags denies the allegations in Paragraph 67 of the Complaint.

68. eBags denies the allegations in Paragraph 68 of the Complaint.

69. eBags denies the allegations in Paragraph 69 of the Complaint.

70. eBags denies the allegations in Paragraph 70 of the Complaint.

## COUNT FOUR: COMMON LAW UNFAIR COMPETITION
### (AS TO ALL DEFENDANTS)

71. eBags incorporates by reference its responses to Paragraphs 1 through 70 as set forth above.

72. eBags denies the allegations in Paragraph 72 of the Complaint.

73. eBags denies the allegations in Paragraph 73 of the Complaint.

74. eBags denies the allegations in Paragraph 74 of the Complaint.

## COUNT FIVE: UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 *ET SEQ.*
### (AS TO ALL DEFENDANTS)

75. eBags incorporates by reference its responses to Paragraphs 1 through 74 as set forth above.

76. eBags denies the allegations in Paragraph 76 of the Complaint.

77. eBags denies the allegations in Paragraph 77 of the Complaint..

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE – ALL COUNTS
#### (Failure to State a Claim)

1. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE – ALL COUNTS
#### (Laches)

2. The claims set forth in the Complaint are barred by the equitable doctrines of laches and/or estoppel.

### THIRD AFFIRMATIVE DEFENSE – ALL COUNTS
#### (Waiver / Acquiescence)

3. The claims set forth in the Complaint are barred by the equitable doctrines of waiver and/or acquiescence.

## FOURTH AFFIRMATIVE DEFENSE – COUNTS I-III
### (Invalidity / Genericness)

4. Plaintiff's alleged trademarks are void, invalid, without secondary meaning, or generic.

## FIFTH AFFIRMATIVE DEFENSE – COUNTS I-III
### (Functionality)

5. Plaintiff's alleged trade dress is functional.

## SIXTH AFFIRMATIVE DEFENSE – COUNTS I-III
### (Abandonment)

6. Plaintiff's alleged trademarks have been abandoned.

## SEVENTH AFFIRMATIVE DEFENSE – COUNTS I-III
### (Lack of Secondary Meaning)

7. Plaintiff's alleged trademarks have achieved no secondary meaning.

## EIGHTH AFFIRMATIVE DEFENSE – ALL COUNTS
### (Defective Complaint)

8. Plaintiff's Complaint violates Rule 8(a)(2) of the Federal Rules of Civil Procedure in that it does not contain "a short and plain statement of the claims[s]."

## NINTH AFFIRMATIVE DEFENSE – ALL COUNTS
### (Statute of Limitations)

9. The claims set forth in the Complaint are barred by the applicable statutes of limitation.

## TENTH AFFIRMATIVE DEFENSE – EQUITABLE RELIEF
### (Unclean Hands)

10. Plaintiff's request for equitable relief is barred, in whole or in part, by the equitable doctrine of unclean hands.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1064220 v2/SF       9.       ANSWER OF DEFENDANT eBAGS, INC.
                              C07-05360 PVT

### ELEVENTH AFFIRMATIVE DEFENSE – EQUITABLE RELIEF
(Adequate Legal Remedy)

11. Each and every request for injunctive relief in the Complaint is barred by the adequate legal remedy doctrine, in that, to the extent Plaintiff prevails on any of its claims, money damages would be an adequate legal remedy.

### TWELFTH AFFIRMATIVE DEFENSE – ALL COUNTS
(Other Defenses)

12. eBags presently has insufficient knowledge or information upon which to form a belief as to whether eBags may have additional, as yet unstated, separate defenses available. Accordingly, eBags reserves the right to assert additional separate defenses to the Complaint in the event that further discovery or inquiry indicates they are appropriate.

WHEREFORE, eBags prays for judgment as follows:

1. That Plaintiff be awarded nothing against eBags on its complaint.
2. That this action be dismissed as against eBags.
3. That eBags be awarded all of its costs incurred herein.

Dated: November 29, 2007

COOLEY GODWARD KRONISH LLP

_____
Alex C. Sears
Attorneys for Defendant
eBAGS, Inc.

## DEMAND FOR JURY TRIAL

Defendant eBags, Inc. hereby demands a jury trial.

Dated: November 29, 2007

COOLEY GODWARD KRONISH LLP

_____
Alex C. Sears
Attorneys for Defendant
eBAGS, Inc.

Cooley Godward Kronish LLP
Attorneys At Law
San Francisco

1064220 v2/SF

11.

ANSWER OF DEFENDANT eBAGS, INC.
C07-05360 PVT