**Kevin R. Martin, SBN 176853**
kmartin@randicklaw.com
**Patrick E. Guevara SBN 202727**
pguevara@randicklaw.com
**RANDICK O'DEA & TOOLIATOS, LLP**
5000 Hopyard Road, Suite 400
Pleasanton, California   94588
Telephone     (925) 460-3700
Facsimile      (925) 460-0969

Attorneys for Plaintiff Vallavista Corporation

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VALLAVISTA CORPORATION, a California corporation,<br><br>               Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., a Delaware corporation, TARGET CORPORATION, a Minnesota corporation, EBAGS, INC., a Colorado corporation, EMPORIUM LEATHER COMPANY, INC., a New Jersey corporation, doing business as ROYCE LEATHER, and FASHION HANDBAGS, INC., a Nevada corporation, doing business as BO BO BAGS,<br><br>               Defendants. | Case No.:  C07-05360 PVT<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER**<br><br><br>Date:           February 5, 2008<br>Time:           2:00 p.m.<br>Courtroom:   5<br>Judge:          The Hon. Patricia V. Trumbull |

   Plaintiff Vallavista Corporation ("Plaintiff") and the defendants that have to date appeared in the action, Amazon.com, Inc., Target Corporation, and eBags ("Defendants"), submit this joint statement pursuant to L.R. 16-9.

   1.     <u>Jurisdiction and Service</u>.  This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under the Trademark Act of 1946), 28 U.S.C. 1338(a) (acts of Congress relating to trademarks), and 28 U.S.C. 1338(b) (pendent unfair

1

competition claims) . Defendant Emporium Leather has been served but has not yet filed an answer. Defendant Fashion Handbags, Inc. has not yet been served.

2. <u>Facts</u>:

*Plaintiff's Statement*

Plaintiff brings this action for trademark infringement, dilution, and false designation of origin under the Trademark Act of 1946 (also known as The Lanham Act, 15 U.S.C. § 1051 *et seq*.) and unfair competition under California Business & Professions Code Section 17200 *et seq*. and the common law based on the Defendants' use of the name and mark TAXI WALLET and other unlawful activities conducted by Defendants in connection with such use.

*Defendants' Statement*

These Defendants dispute the validity and enforceability of Plaintiff's claimed rights in the mark TAXI WALLET and Plaintiff's contention that Defendants have infringed upon any of those claimed rights. Defendants deny that TAXI WALLET is "famous" within the meaning of the dilution provisions of the Lanham Act, 15 U.S.C. § 1125(c). Defendants deny that their actions have been likely to result in consumer confusion, mistake or deception, and deny that their actions otherwise violate any right of Plaintiff.

3. <u>Legal Issues</u>:

Based on the joint conference between the parties, the principal legal issues are the overall strength and enforceability of Plaintiff's alleged marks and the likelihood that Defendants' action would have resulted in consumer confusion, mistake and/or deception. Additional legal issues include the applicability of the defenses of laches and waiver, genericness of Plaintiff's alleged mark, abandonment of Plaintiff's alleged marks, and the applicability of California Section 17200 to the alleged acts.

4. <u>Motions</u>:  None pending at this time.

5. <u>Amendment of Pleadings</u>:  Plaintiff may amend to pleading to dismiss with prejudice defendant(s). Defendants may amend pleadings to add a counterclaim for cancellation of Plaintiff's registered mark(s) or opposition to registration of Plaintiff's pending application.

6. <u>Evidence Preservation</u>:  Since the inception of this lawsuit, all parties have taken

2

steps to properly preserve relevant evidence.

7. <u>Disclosures</u>:  All parties intend to make timely and appropriate Rule 26(a)(1) disclosures.

8. <u>Discovery</u>:  No discovery has been taken to date.  The parties intend to make serious efforts at settling the case before engaging in full discovery.  Key discovery for settlement purposes will be a report of defendants' respective sales using the designation "Taxi Wallet" and the enforceability of Plaintiffs' alleged marks.

9. <u>Class Actions</u>:  Not applicable.

10. <u>Related Cases</u>:  Not applicable.

11. <u>Relief</u>:  Plaintiff seeks injunctive relief enjoining Defendants' continued use of the mark at issue, and damages associated with the alleged infringement.  Defendants are unaware of any basis for an award of lost profits or other damages.

12. <u>Settlement and ADR</u>:  All parties are amenable to mediation or assignment to magistrate for settlement conference.  Key discovery elements will be a report of Defendants' respective sales using the designation "Taxi Wallet" mark and the enforceability of Plaintiff's alleged marks.

13. <u>Consent to Magistrate Judge For All Purposes</u>:  Plaintiff does not consent to Magistrate Judge for all purposes.

14. <u>Other References</u>:  As mentioned in paragraph 12 above, the parties believe this case is suitable for court-sponsored mediation.

15. <u>Narrowing of Issues</u>:  None at this time.

16. <u>Expedited Schedule</u>:  Not applicable.

17. <u>Trial</u>:  Plaintiff has demanded a jury trial.  The parties estimate the length of trial at 3 to 5 days.

/ / /

/ / /

/ / /

/ / /

18. <u>Disclosure of Non-party Interested Entities or Persons</u>:  Defendant Target discloses Westport Corporation.  No other non-party interested entities or persons are known at this time.  The parties will file any supplemental disclosures as required.

Date:   January 29, 2008            RANDICK O'DEA & TOOLIATOS, LLP

By:   /s/
Kevin R. Martin
Attorneys for Plaintiff VALLAVISTA CORPORATION

Date:   January 29, 2008            MORRISON & FOERSTER, LLP

By:   /s/
Angela L. Padilla
Attorneys for Defendant TARGET CORPORATION

Date:   January 29, 2008            COOLEY GODWARD KRONISH, LLP

By:   /s/
Andrew Hartman
Attorneys for Defendant EBAGS, INC.

Date:   January 29, 2008            STOEL RIVES, LLP

By:   /s/
Vanessa Power
Attorneys for Defendant AMAZON.COM, INC.

### [PROPOSED] CASE MANAGEMENT CONFERENCE ORDER

In compliance with FRCivP 16(b), having filed a Joint Case Management Conference Statement, the parties in this matter agree as follows:

1. <u>Scheduling</u>:  The parties have discussed a tentative discovery and trial schedule including:

4

1. (a) Mediation or other ADR completed by end of March 2008;
2. (b) Plaintiff's expert reports by end of June 2008;
3. (c) Defendants' rebuttal experts and report by end of August 2008;
4. (d) Plaintiff's expert replies by end of October 2008;
5. (e) Dispositive motions filed by end of November 2008 to be heard in March 2009;
6. (f) Case tentatively ready for trial as of May 2009.

IT IS SO ORDERED:

Dated:  January ___, 2008

_____
Patricia V. Trumbull
United States Magistrate Judge

5