1  JENNIFER LEE TAYLOR (CA SBN 161368)
   JTaylor@mofo.com
2  KIMBERLY L. TAYLOR (CA SBN 240483)
   KTaylor@mofo.com
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California 94105-2482
   Telephone: 415.268.7000
5  Facsimile: 415.268.7522

6  Attorneys for Defendant
   TARGET CORPORATION
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

12  VALLAVISTA CORPORATION, a California          Case No.   C-07-05360-WHA
    corporation,
13
                    Plaintiff,
14                                                **STIPULATED PROTECTIVE
          v.                                      ORDER**
15
    AMAZON.COM, INC., a Delaware corporation;
16  TARGET CORPORATION, a Minnesota
    corporation; EBAGS, INC., a Colorado
17  corporation; EMPORIUM LEATHER
    COMPANY, INC., a New Jersey corporation,
18  doing business as ROYCE LEATHER; and
    FASHION HANDBAGS, INC., a Nevada
19  corporation, doing business as BO BO BAGS,

20                  Defendants.

21

22

23

24

25

26

27

28

sf-2539143

1    1.    <u>PURPOSES AND LIMITATIONS</u>

2        Disclosure and discovery activity in this action are likely to involve production of

3    confidential, proprietary, or private information for which special protection from public

4    disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

5    Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

6    Protective Order.  The parties acknowledge that this Order does not confer blanket protections on

7    all disclosures or responses to discovery and that the protection it affords extends only to the

8    limited information or items that are entitled under the applicable legal principles to treatment as

9    confidential.  The parties further acknowledge, as set forth in Section 10, below, that this

10   Stipulated Protective Order creates no entitlement to file confidential information under seal;

11   Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards

12   that will be applied when a party seeks permission from the Court to file material under seal.

13

14   2.    <u>DEFINITIONS</u>

15        2.1    <u>Party</u>:  any party to this action, including all of its officers, directors, employees,

16   consultants, retained experts, and outside counsel (and their support staff).

17        2.2    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the

18   medium or manner generated, stored, or maintained (including, among other things, testimony,

19   transcripts, or tangible things) that are produced or generated in disclosures or responses to

20   discovery in this matter.

21        2.3    <u>"Confidential" Information or Items</u>:  information (regardless of how generated,

22   stored, or maintained) or tangible things that qualify for protection under standards developed

23   under Fed. R. Civ. P. 26(c).

24        2.4    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a

25   Producing Party.

26        2.5    <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery

27   Material in this action.

28

1
<small>STIPULATED PROTECTIVE ORDER</small>
sf-2539143

1    2.6    Designating Party:  a Party or non-party that designates information or items that it

2    produces in disclosures or in responses to discovery as "Confidential."

3    2.7    Protected Material:  any Disclosure or Discovery Material that is designated as

4    "Confidential."

5    2.8    Outside Counsel:  attorneys who are not employees of a Party but who are retained

6    to represent or advise a Party in this action.

7    2.9    House Counsel:  attorneys who are employees of a Party.

8    2.10    Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their

9    support staffs).

10    2.11    Expert:  a person with specialized knowledge or experience in a matter pertinent to

11    the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

12    consultant in this action and who is not a past or a current employee of a Party or of a competitor

13    of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party

14    or a competitor of a Party's.  This definition includes a professional jury or trial consultant

15    retained in connection with this litigation.

16    2.12    Professional Vendors:  persons or entities that provide litigation support services

17    (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing,

18    storing, or retrieving data in any form or medium; etc.) and their employees and subcontractors.

19

20    3.    SCOPE

21    The protections conferred by this Stipulation and Order cover not only Protected Material

22    (as defined above), but also any information copied or extracted therefrom, as well as all copies,

23    excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

24    parties or counsel to or in court or in other settings that might reveal Protected Material.

25

26

27

28

sf-2539143

4.      DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.      DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2      Manner and Timing of Designations.  Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

STIPULATED PROTECTIVE ORDER
sf-2539143

1         (a)    For information in documentary form (apart from transcripts of depositions

2    or other pretrial or trial proceedings), that the Producing Party affix the legend

3    "CONFIDENTIAL" at the top of each page that contains protected material.  If only a portion or

4    portions of the material on a page qualifies for protection, the Producing Party also must clearly

5    identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must

6    specify, for each portion, the level of protection being asserted ("CONFIDENTIAL").

7        A Party or non-party that makes original documents or materials available for inspection

8    need not designate them for protection until after the inspecting Party has indicated which

9    material it would like copied and produced.  During the inspection and before the designation, all

10   of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the

11   inspecting Party has identified the documents it wants copied and produced, the Producing Party

12   must determine which documents, or portions thereof, qualify for protection under this Order;

13   then, before producing the specified documents, the Producing Party must affix the appropriate

14   legend ("CONFIDENTIAL") at the top of each page that contains Protected Material.  If only a

15   portion or portions of the material on a page qualifies for protection, the Producing Party also

16   must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

17   margins) and must specify, for each portion, the level of protection being asserted

18   ("CONFIDENTIAL").

19        (b)    For testimony given in deposition or in other pretrial or trial proceedings,

20   that the Party or non-party offering or sponsoring the testimony identify on the record, before the

21   close of the deposition, hearing, or other proceeding, all protected testimony, and further specify

22   any portions of the testimony that qualify as "CONFIDENTIAL."  When it is impractical to

23   identify separately each portion of testimony that is entitled to protection, and when it appears

24   that substantial portions of the testimony may qualify for protection, the Party or non-party that

25   sponsors, offers, or gives the testimony may invoke on the record (before the deposition or

26   proceeding is concluded) a right to have up to 20 days to identify the specific portions of the

27   testimony as to which protection is sought and to specify the level of protection being asserted

28   ("CONFIDENTIAL").  Only those portions of the testimony that are appropriately designated for

4

1  protection within the 20 days shall be covered by the provisions of this Stipulated Protective
2  Order.

3      Transcript pages containing Protected Material must be separately bound by the court
4  reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as
5  instructed by the Party or non-party offering or sponsoring the witness or presenting the
6  testimony.

7          (c)      For information produced in some form other than documentary, and for
8  any other tangible items, that the Producing Party affix in a prominent place on the exterior of the
9  container or containers in which the information or item is stored the legend "CONFIDENTIAL."
10  If only portions of the information or item warrant protection, the Producing Party, to the extent
11  practicable, shall identify the protected portions, specifying whether they qualify as
12  "CONFIDENTIAL."

13      5.3      Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to
14  designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive
15  the Designating Party's right to secure protection under this Order for such material.  If material
16  is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the
17  Receiving Party, on timely notification of the designation, must make reasonable efforts to assure
18  that the material is treated in accordance with the provisions of this Order.

19

20  6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

21      6.1      Timing of Challenges.  Unless a prompt challenge to a Designating Party's
22  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary
23  economic burdens, or a later significant disruption or delay of the litigation, a Party does not
24  waive its right to challenge a confidentiality designation by electing not to mount a challenge
25  promptly after the original designation is disclosed.

26      6.2      Meet and Confer.  A Party that elects to initiate a challenge to a Designating
27  Party's confidentiality designation must do so in good faith and must begin the process by

28

1   conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient)

2   with counsel for the Designating Party.  In conferring, the challenging Party must explain the

3   basis for its belief that the confidentiality designation was not proper and must give the

4   Designating Party an opportunity to review the designated material, to reconsider the

5   circumstances, and, if no change in designation is offered, to explain the basis for the chosen

6   designation.  A challenging Party may proceed to the next stage of the challenge process only if it

7   has engaged in this meet and confer process first.

8          6.3     Judicial Intervention.  A Party that elects to press a challenge to a confidentiality

9   designation after considering the justification offered by the Designating Party may file and serve

10  a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

11  that identifies the challenged material and sets forth in detail the basis for the challenge.  Each

12  such motion must be accompanied by a competent declaration that affirms that the movant has

13  complied with the meet and confer requirements imposed in the preceding paragraph and that sets

14  forth with specificity the justification for the confidentiality designation that was given by the

15  Designating Party in the meet and confer dialogue.

16         The burden of persuasion in any such challenge proceeding shall be on the Designating

17  Party.  Until the court rules on the challenge, all parties shall continue to afford the material in

18  question the level of protection to which it is entitled under the Producing Party's designation.

19

20  7.     ACCESS TO AND USE OF PROTECTED MATERIAL

21         7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed

22  or produced by another Party or by a non-party in connection with this case only for prosecuting,

23  defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only

24  to the categories of persons and under the conditions described in this Order.  When the litigation

25  has been terminated, a Receiving Party must comply with the provisions of section 11, below

26  (FINAL DISPOSITION).

27

28

sf-2539143

1   Protected Material must be stored and maintained by a Receiving Party at a location and

2   in a secure manner that ensures that access is limited to the persons authorized under this Order.

3   7.2   Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

4   ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

5   disclose any information or item designated "CONFIDENTIAL" only to:

6   (a)   The Receiving Party's Outside Counsel of record in this action, as well as

7   employees of said Counsel to whom it is reasonably necessary to disclose the information for this

8   litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

9   hereto as Exhibit A;

10   (b)   The officers, directors, and employees (including House Counsel) of the

11   Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

12   signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

13   (c)   Experts (as defined in this Order) of the Receiving Party to whom

14   disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

15   Bound by Protective Order" (Exhibit A);

16   (d)   The Court and its personnel;

17   (e)   Court reporters, their staffs, and professional vendors to whom disclosure

18   is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

19   Protective Order" (Exhibit A);

20   (f)   During their depositions, witnesses in the action to whom disclosure is

21   reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

22   (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal

23   Protected Material must be separately bound by the court reporter and may not be disclosed to

24   anyone except as permitted under this Stipulated Protective Order; and/or

25   (g)   The author of the document or the original source of the information.

26

27

28

STIPULATED PROTECTIVE ORDER
sf-2539143

1    8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
        LITIGATION.

2

3        If a Receiving Party is served with a subpoena or an order issued in other litigation that

4    would compel disclosure of any information or items designated in this action as

5    "CONFIDENTIAL," the Receiving Party must so notify the Designating Party in writing (by fax,

6    if possible) immediately and in no event more than three court days after receiving the subpoena

7    or order.  Such notification must include a copy of the subpoena or court order.

8        The Receiving Party also must immediately inform in writing the Party who caused the

9    subpoena or order to issue in the other litigation that some or all the material covered by the

10   subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

11   deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

12   caused the subpoena or order to issue.

13       The purpose of imposing these duties is to alert the interested parties to the existence of

14   this Protective Order and to afford the Designating Party in this case an opportunity to try to

15   protect its confidentiality interests in the court from which the subpoena or order issued.  The

16   Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

17   confidential material—and nothing in these provisions should be construed as authorizing or

18   encouraging a Receiving Party in this action to disobey a lawful directive from another court.

19

20   9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

21       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

22   Material to any person or in any circumstance not authorized under this Stipulated Protective

23   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

24   unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

25   (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

26   this Order, and (d) request such person or persons to execute the "Acknowledgment and

27   Agreement to Be Bound" that is attached hereto as Exhibit A.

28

10.     FILING PROTECTED MATERIAL

        Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11.     FINAL DISPOSITION

        Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12.     MISCELLANEOUS

        12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

9

STIPULATED PROTECTIVE ORDER

sf-2539143

1        12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective

2    Order, no Party waives any right it otherwise would have to object to disclosing or producing any

3    information or item on any ground not addressed in this Stipulated Protective Order.  Similarly,

4    no Party waives any right to object on any ground to the use in evidence of any of the material

5    covered by this Protective Order.

6    STIPULATED and AGREED TO:

7

8    Dated: July 14, 2008          RANDICK O'DEA & TOOLIATOS, LLP

9

10             By:  /s/ Kevin R. Martin

11                Kevin R. Martin

12             Attorneys for Plaintiff
          VALLAVISTA CORPORATION

13   Dated: July 14, 2008          MORRISON & FOERSTER LLP

14

15             By:  /s/ Jennifer Lee Taylor

16                Jennifer Lee Taylor

17             Attorneys for Defendant
          TARGET CORPORATION

18

19       I, Jennifer Lee Taylor, am the ECF User whose ID and password are being used to file this

20   Stipulated Protective Order.  In compliance with General Order 45, X.B., I hereby attest that

21   Kevin R. Martin has concurred in this filing.

22

23   **<u>ORDER</u>**

24       GOOD CAUSE APPEARING, IT IS SO ORDERED.

25   Dated: _____, 2008

26   _____          Hon. William H. Alsup

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of *Vallavista Corp. v. Amazon.com et al.*, Case No. C-07-05360-WHA.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]

STIPULATED PROTECTIVE ORDER

sf-2539143