IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALLAVISTA CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation, TARGET CORPORATION, a Minnesota corporation, EBAGS, INC., a Colorado corporation, EMPORIUM LEATHER COMPANY, INC., a New Jersey corporation, doing business as ROYCE LEATHER, and FASHION HANDBAGS, INC., a Nevada corporation, doing business as BO BO BAGS,<br><br>Defendants. | No. C 07-05360 WHA<br><br>**ORDER DENYING TARGET'S MOTION TO STRIKE PLAINTIFF'S AMENDED EXPERT REPORTS** |

**INTRODUCTION**

In this trademark infringement action, defendant moves to strike plaintiff's amended expert reports. Defendant's motion to strike is **DENIED.**

**STATEMENT**

Vallavista sued Target for trademark infringement, dilution, and unfair competition, seeking injunctive relief and damages. According to the case management order in this case, Vallavista's opening expert report was due on September 26. The case management order stated that "[c]ounsel may not stipulate around the foregoing dates without Court approval." Vallavista asked Target to stipulate to a ten-day extension for the initial expert deadline. Target

did not so stipulate for a number of reasons, including that the case management order required Court approval to extend time. Vallavista has not filed a motion requesting to extend or enlarge the time to serve its amended expert reports.

The close of fact discovery was on September 26. Vallavista served discovery requests on July 30 with responses due on September 2. Upon request, Vallavista provided Target with a one-week extension of time to respond. Target served written responses on September 10. On September 17, Target produced 78 documents, which included information regarding the volume of accused products sold and the number of Target locations selling the accused product. In response to Vallavista's request during a meet and confer, Target produced supplemental documents on September 26. The September 26 supplemental production included a list of the locations of Target stores in 2007, when the accused products were sold. After a motion to compel was granted, Target produced additional documents around October 26.

On September 25, Vallavista's counsel contacted its expert, Mr. Terry Lloyd, to notify him that they "need to put together a short report for disclosure tomorrow." Vallavista served its opening expert report on September 26. Vallavista's expert report stated there was $204,238 in lost profit damages based on a profit-per-unit of $11.82. Vallavista, however, has claimed a profit per unit of $6.37 in its July 30 interrogatory responses, a profit per unit of $11.82 in a Rule 30(b)(6) deposition, and a profit per unit of $14.56 in its October 1 amended interrogatory responses. In addition, some damages sections in Vallavista's September 26 expert report stated "TBD."

Target's rebuttal expert report was due on October 10. On October 9, Vallavista served an amended expert report. Vallavista's counsel stated that the amended report was based principally on information and documents that Target belatedly provided on September 26. Vallavista's October 9 amended expert report stated lost profit damages of $253,556 and a profit-per-unit of $14.56. The October 9 report also included damages for the category "dilution in brand," which was previously "TBD." The "dilution in brand" calculation was not

2

in Vallavista's previous interrogatory responses or September 26 expert report.

On October 17, Vallavista served a second amended expert report and reply expert report. The second amended report further increased the lost profit damages to $310,000 with a profit-per-unit of $17.80. The report stated that the new lost profit calculation is based on a newly updated profit analysis performed by plaintiff for October 1, 2004 through June 1, 2008.

## ANALYSIS

Ordinarily, the Court would be inclined to grant this motion to strike, but in this instance the record is clouded by two events. One is Target's production of documents on September 26, the due date of plaintiff's expert reports. The other is Target's further production of documents around October 26, after a motion to compel was granted. Target argues that the two supplements in no way prejudiced plaintiff and that plaintiff's expert could have combed information from the former production. This is not clear but conceivable. All doubts should be resolved against Target as Target is the one with the late production.

In addition, this donnybrook has led to a cascade of finger pointing, and the best solution, because both sides are at fault, is to allow plaintiff to file a new report on **DECEMBER 12**, defendant to file a rebuttal report on **DECEMBER 26**, and plaintiff to file a reply report on **JANUARY 2**. Each expert can be deposed one more time, and as a result trial must be moved. Trial will start on **FEBRUARY 2, 2009 AT 7:30 A.M.** The new expert reports are limited to the damage theories at issue. No other expert reports may be prepared. Counsel shall meet and confer. Motions in limine should be redrafted to take into account the new trial date and expert reports.

## CONCLUSION

For the foregoing reasons, Target's motion to strike is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 5, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3